## (March 20, 1962)

■ LESTER LIBERMAN, Individually and as Director and Stockholder of Valley Forge Flag Company, Inc., Respondent, v. VALLEY FORGE FLAG COMPANY et al., Appellants, et al., Defendant. (Action No. 1.) LESTER LIBERMAN, Individually and as Director and Stockholder of Valley Forge Flag Company, Inc., Respondent, v. VALLEY FORGE FLAG COMPANY, INC., et al., Appellants. (Action No. 2.)

*Per Curiam.* These are appeals from two orders entered January 16, 1961, which denied appellants' motions for summary judgment dismissing the complaint in each of the two actions herein.

The two actions are closely related, identical affidavits having been submitted in support of each motion and identical affidavits having been submitted in opposition thereto, so, for convenience, the appeals will be treated together.

In Action No. 1 (herein called the Bank action because The Bankers Trust Company is named as a party defendant), plaintiff sought to enjoin Valley Forge Flag Company, Inc. (herein Valley Forge) and the individual defendants from amending the by-laws of Valley Forge to permit the designation of authorized signatories on checks, etc., by the stockholders instead of by the board of directors, and sought to enjoin the bank from paying out money deposited by defendant Valley Forge in accordance with instruments or orders signed or indorsed by persons not authorized by the board of directors of Valley Forge.

In Action No. 2 plaintiff sought to enjoin and restrain defendants from executing and filing a certificate of amendment of the certificate of incorporation of Valley Forge to increase the number of directors and from convening a meeting for that purpose. The action was grounded upon a written agreement executed in 1951 to which plaintiff and defendants were parties.

A temporary injunction was denied in each instance and an appeal taken to this court. Before the appeals were heard, a meeting was held, the by-laws amended and a certificate of amendment filed. Thereafter, on motions of defendants, the appeals were dismissed as academic.

Subsequently defendants moved to dismiss both complaints on the grounds that the actions are without merit, that the matters involved have become moot and academic and no issues of fact remain to be tried. From the denial of both motions defendants appeal.

Valley Forge is a close corporation and the plaintiff, the individual defendants and one other director (not a party defendant) are brothers. The agreement referred to in the second action was entered November 14, 1951, and, *inter alia,* bound the respective individuals so long as they are stockholders to so vote their stock that they should be directors of the corporation. The purpose and intent of the agreement, and what interpretation shall be given that portion referred to, is in sharp dispute. George Liberman, a corporate stockholder-director, and the plaintiff insist it was designed to assure joint control and participation by the four brothers and to exclude outsiders. The other two brothers, the individual defendants-appellants, dispute and deny this assertion. This in itself raised the question of the meaning and purpose of the agreement which, in light of the relationship and circumstances present, should be explored. (Cf. *Christal* v. *Petry,* 275 App. Div. 550.) In that connection, and in determining the intent and purpose of the agreement, the propriety of the acts done, and whether such acts were in disregard or in accordance with the agreement, must necessarily be considered.

The denial of a temporary injunction is not determinative of this appeal. Since the parties are in equity, it is within the power of the court to determine the nature and extent of the relief found warranted after trial. (Cf. *Wappler* v. *Woodbury Co.,* 246 N. Y. 152; *Marks* v. *Marks,* 250 App. Div. 289.)

As to the Bank action, we recognize the right of stockholders under ordinary circumstances to take action to effect such changes as were made here. (Cf. *Manson* v. *Curtis,* 223 N. Y. 313.) However, in light of the conclusion reached affirming the disposition by Special Term of Action No. 2, there is a sufficient question here as to the propriety of the acts done in this action, independent of the question of power, to warrant an affirmance in the exercise of our discretion.

Accordingly, the orders appealed from are affirmed, with costs.

Botein, P. J., Rabin, McNally, Stevens and Bergan, JJ., concur.

Orders, entered on January 16, 1961, unanimously affirmed, with $20 costs and disbursements to the appellants.